**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **VICTORIA FELTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:22-cv-00531** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **NIRVC-TN, LLC,** | ) | **MAGISTRATE JUDGE EVANS** |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Pending before the Court is Defendant's Second Renewed Omnibus Motion in Limine (Doc. No. 95), and Plaintiff's response in opposition (Doc. No. 107 (incorporating the previously filed response (Doc. Nos. 73, 74, 75, 78, 79))).

The Court rules as follows:

1. *Motion in Limine to Exclude all Medical Records, Diagnoses, Opinions, and Related Medical Evidence Through the Testimony of Ms. Felts and/or Other Lay Witnesses*. This motion is **DENIED WITHOUT PREJUDICE** to raising contemporaneous objections during the trial.

2. *Motion in Limine to Exclude Claims of Former Supervisor David Hennessy Discriminating Against Others Based on Race and Age*. Defendant argues that Hennessy's treatment of other employees is not at issue in this case and that the evidence is irrelevant, unfairly prejudicial, and risks confusing the issue, undue delay, wasting time, or needlessly presenting cumulative evidence. Defendant argues that any possible relevance would only be to show Hennessy's propensity for discriminatory actions, which is impermissible under Fed. R. Evid. 404.

Plaintiff responds that evidence of Hennessy's alleged discrimination against others is relevant evidence of "pattern or routine" and is probative of NIRVC's culture and patterns and Hennessy's management style.

The Court reserves ruling on the motion to exclude evidence of Hennessy's alleged discrimination against others. The parties shall notify the Court prior to eliciting any such testimony.

3. *Motion in Limine to Exclude Opinion Testimony of Felts that Angie Morrell Reported Abortion, Which Resulted in Ms. Felts's Termination*. This motion is **DENIED WITHOUT PREJUDICE** to raising contemporaneous objections during the trial.

4. *Motion in Limine to Exclude Testimony or Argument Regarding Joe Cowell*. NIRVC states that in response to its motion for summary judgment, Felts asserted that her fellow service advisor at NIRVC served as a comparator, and that, during discovery, Felts failed to identify Cowell as a person having knowledge of discoverable matters or when asked to detail her claims of discrimination.

Under Fed. R. Civ. P. 37(c), "[I]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at trial, unless the failure was substantially justified or it harmless." NIRVC states that it will be unfairly prejudiced by allowing testimony regarding Cowell because when it first learned of Felts's theory that Cowell serves as a comparator on January 30, 2024, the November 10, 2023 discovery deadline had passed. Felts responds that she identified "any present or former employees of Defendant who worked alongside Plaintiff" in her initial disclosures and in response to interrogatories (Doc. Nos. 78-1, 78-2), Cowell was mentioned in discovery materials

produced by both parties (Doc. No. 78-3), and Cowell was discussed during multiple depositions (Doc. Nos. 78-4 (Hennessy Dep.), 78-5 (Thomas Dep.), 78-6 (Felts Dep.)). Moreover, NIRVC was well-aware of Cowell's relevance because he was the only other employee who worked in the same position as Felts.

The Court finds NIRVC was aware of Cowell's potential relevance in sufficient time to prepare for trial. The Court notes that information regarding Cowell's attendance is likely within the possession of NIRVC, not Felts. Even if this were not the case, at a minimum, NIRVC was aware of his status as a potential comparator in January 2024 when she raised the argument in response to NIRVC's motion for summary judgment. Therefore, NIRVC has had ample time (more than two and a half years) to remedy the asserted non-disclosure. Accordingly, the motion in limine to exclude testimony or argument regarding Cowell is **DENIED**.

5. *Motion in Limine to Exclude Undisclosed Expert Testimony*. Plaintiff responds that she will not offer testimony from any retained experts. Accordingly, this motion is **DENIED AS MOOT**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE