IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **VICTORIA FELTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 3:22-cv-00531** |
| | ) | |
| **NIRVC-TN, LLC d/b/a NATIONAL INDOOR RV CENTERS,** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE NEWBERN** |
| | ) | |
| **Defendant.** | ) | **JURY DEMAND** |

---

**DEFENDANT'S BRIEF ON TENNESSEE PREGNANT WORKERS FAIRNESS ACT ISSUES**

---

Defendant, NIRVC-TN, LLC d/b/a National Indoor RV Centers ("NIRVC"), by and through counsel, pursuant to Orders of the Court (Docs. 124, 127), submits the following brief on issues related to the Tennessee Pregnant Workers Fairness Act ("TPWFA").

1. **Punitive damages are not an available remedy under the TPWFA. To the extent that they are available, they are subject to Tennessee's cap on punitive damages.**

The TPWFA sets out the available remedies for a plaintiff bringing a private cause of action under the Act: "In the action, a court may issue back pay, compensatory damages, prejudgment interest, reasonable attorney's fees, and any legal or equitable relief that will effectuate the purpose of this chapter." Tenn. Code Ann. § 50-10-104(b). When Tennessee courts interpret statutes, they may apply the construction canon *expression unius est exclusion alterius*. *See Rich v. Tenn. Bd. of Med. Exam'rs*, 350 S.W.3d 919, 927 (Tenn. 2011). As explained by the Tennessee Supreme Court, "Presuming that the Legislature means what it says—and does not mean what it does not say—

[Tennessee courts] follow the principle of *expressio unius est exclusio alterius*." *Effler v. Purdue Pharma L.P.*, 614 S.W.3d 681, 688 (Tenn. 2020).

Application of the construction canon is appropriate here. Indeed, the Tennessee General Assembly knows how to authorize punitive damages as a remedy for a statutory cause of action. For example, the Tennessee General Assembly explicitly authorized punitive damages for housing discriminatory practices in violation of the Tennessee Human Rights Act. Tenn. Code Ann. § 4-21-311(c).

Moreover, the phrase "legal and equitable relief" does not encompass punitive damages. Punitive damages are not relief to an aggrieved party but rather a punishment to a wrongdoer. *See Hodges v. S. C. Toof & Co.*, 833 S.W.2d 896, 900 (Tenn. 1992) ("The contemporary purpose of punitive damages is not to compensate the plaintiff but to punish the wrongdoer and to deter the wrongdoer and others from committing similar wrongs in the future."). In *TAFF v. MEDIA GEN. BROADCAST SERVS.*, a plaintiff claimed that punitive damages were recoverable under the THRA (outside of the housing discrimination context) because the THRA broadly allowed "actual damages". No. 32, 1986 Tenn. App. LEXIS 3420 (Tenn. Ct. App. Nov. 3, 1986). The Tennessee Court of Appeals explained, "The definition of 'damages' and 'actual damages' certainly excludes punitive damages, and it seems clear to this Court that if the Legislature intended to provide for some form of punishment the act would have done so specifically." *Id.* at *15.

More recently, the Tennessee Supreme Court rejected a similar argument. The plaintiffs argued that punitive damages were broadly available under the THRA because of a "catch all" provision, which allowed for courts to award remedies that "are necessary and proper to eliminate all discrimination . . . ." *Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 35 (Tenn. 1997); Tenn. Code Ann. § 4-21-306(8). The *Carver* Court recognized, however, that the Tennessee legislature had

explicitly provided for punitive damages in other discrimination cases—specifically in housing discrimination cases under the THRA—and did not do so elsewhere in the THRA. *Id.* at 35–36. Therefore, applying the canons of construction *expressio unius* and in *pari materia*, the Court concluded that punitive damages were not a remedy available under the THRA, outside of claims for discriminatory housing practices. *Id.*

Therefore, punitive damages are unavailable under the TPWFA, as the Tennessee Legislature declined to designate it as an available category of damages under the TPWFA, while doing so elsewhere.

To the extent that the TPWFA allows recovery of punitive damages, that recovery would be limited by Tennessee's cap on punitive damages. Tennessee law generally imposes caps on awards for punitive damages in civil actions as follows:

> **(5)** Punitive or exemplary damages shall not exceed an amount equal to the greater of:
>
> > **(A)** Two (2) times the total amount of compensatory damages awarded; or
> >
> > **(B)** Five hundred thousand dollars ($500,000);

Tenn. Code Ann. § 29-39-104(a)(5).

Relying on the Sixth Circuit Court's decision *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348 (6th Cir. 2018), Plaintiff asserts that the punitive damages cap is unenforceable as it relates to her cause of action under the TPWFA because it violates the Tennessee Constitution's individual right to a trial by jury. This is incorrect.

In *Lindenberg*, the Sixth Circuit considered the constitutionality of Tennessee's punitive-damages cap as it related to a common-law breach of contract claim. 912 F.3d at 362. In this context, the *Lindenberg* Court concluded that "the punitive damages bar set forth in § 29-39-104 violates the individual right to a trial by jury set forth in the Tennessee Constitution." *Id.* at 364.

However, the *Lindenberg* Court recognized that the jury trial right in the Tennessee Constitution "does not guarantee the right to a jury trial in every case. Rather, it guarantees the right to trial by jury as it existed at common law under the laws and constitution of North Carolina at the time of the adoption of the Tennessee Constitution of 1796." *Id.* (quoting *Young v. City of LaFollette*, 479 S.W.3d 785, 793 (Tenn. 2015)) (internal quotation marks omitted). The cause of action at issue arises out of the TPWFA, which was not enacted until 2020, hundreds of years after the adoption of the Tennessee Constitution in 1796.

The Tennessee Western District Court faced a similar question in *Rhodes v. Bates Rubber, Inc.*, No. 1:19-cv-01030-STA-jay, 2019 U.S. Dist. LEXIS 107514 (W.D. Tenn. June 26, 2019). The issue in *Rhodes* was whether the Tennessee Human Rights Act's bar on punitive damages in most cases violated the Tennessee Constitution, in light of the Sixth Circuit's decision in *Lindenberg*. *Rhodes*, 2019 U.S. Dist. LEXIS 107514 at *17–18. The *Rhodes* court answered in the negative because the THRA was enacted 182 years after ratification of the Tennessee Constitution of 1796. *Id.* at *21–22.

Likewise, here, the *Lindenberg* decision has no bearing on Plaintiff's claim for punitive damages pursuant to the TPWFA. Therefore, the Tennessee Constitution's right to a jury trial is not implicated here and does not prevent imposition of Tennessee's punitive damages caps.

Moreover, the Tennessee Supreme Court's intervening decision in *McClay v. Airport Mgmt. Servs., LLC*, negates the value of *Lindenberg* as a predictor of how the Tennessee Supreme Court would rule on the question at hand. In *McClay*, the Tennessee Supreme Court upheld Tennessee's statutory caps on noneconomic damages, holding that "the right to trial by jury under the Tennessee Constitution is satisfied when an unbiased and impartial jury makes a factual determination regarding the amount of noneconomic damages, if any, sustained by the

plaintiff," and that the right to a trial by jury "is not violated when a judge then applies, as a matter of law, the statutory cap on noneconomic damages." 596 S.W.3d 686, 693 (Tenn. 2020). The Tennessee Supreme Court addressed the Sixth Circuit's decision in *Lindenberg*, stating that the reasoning in *Lindenberg* was "unpersuasive in this case." *Id.* at 693 n.6.

Therefore, because *Lindenberg* is inapplicable, and even if it were applicable, it has been brushed back by the Tennessee Supreme Court, Tennessee's statutory caps on punitive damages are applicable to Plaintiff's cause of action under the TPWFA, if Plaintiff may recover punitive damages for that cause of action at all.

**2. The issues of damages and whether a medical need is arising from pregnancy or a related medical condition under the TPWFA are to be determined by the Court, not a jury.**

As discussed above, the Tennessee Constitution's individual right to a jury trial does not extend to the TPWFA. Nor does Plaintiff's TPWFA cause of action implicate the federal right to a jury trial. *See Tull v. United States*, 481 U.S. 412, 417 (1987). Therefore, it is a matter of statute as to whether an issue is to be determined by the court or the jury.

The TPWFA makes it an unlawful employment practice for an employer to:

> Fail or refuse to make reasonable accommodations for medical needs **arising from pregnancy, childbirth, or related medical conditions** of an applicant for employment or an employee, unless the employer demonstrates that the accommodation would impose an undue hardship on the operation of the business of the employer[.]

Tenn. Code Ann. § 50-10-103(b) (emphasis added). The TPWFA enables adversely affected persons to bring a civil action to enforce the TPWFA but is silent on the issue of whether a jury or the court sits as the trier of fact. Tenn. Code Ann. § 50-10-104. However, the TPWFA specifies that plaintiffs may bring the action either "in the chancery court or circuit court in the jurisdiction where the alleged violation occurred." *Id.* While the Act itself is silent on who sits as the trier of

fact, on the issue of damages, the TPWFA provides, "a court may issue back pay, compensatory damages, prejudgment interest, reasonable attorney's fees, and any legal or equitable relief that will effectuate the purpose of this chapter." *Id.*

In *Terry v. Jackson-Madison Cty. Gen. Hosp. Dist.*, the Tennessee Court of Appeals faced a similar question regarding the THRA. 572 S.W.3d 614 (Tenn. Ct. App. 2018). A plaintiff filed suit in a circuit court and sought a jury trial for claims under the THRA, while the defendant moved for a non-jury trial. *Id.* at 633. The *Terry* court noted that the THRA—like the TPWFA—is silent on whether a plaintiff is entitled to a jury trial. *Id.* at 634. The court noted that suits filed in chancery court carry a statutory right to a jury trial, but there is no such statutory provision for suits filed in circuit court. *Id.* (citing Tenn. Code Ann. § 21-1-103). Therefore, the *Terry* court concluded that a THRA plaintiff was not entitled to a jury trial in circuit court.

As in Tennessee circuit courts, there is no general statutory right to a jury trial in all actions filed in federal district courts. Therefore, the Tennessee Court of Appeals' analysis in *Terry* governs here. Because there is no right to a jury trial applicable to Plaintiff's TPWFA cause of action in federal court, it is appropriate for the Judge to determine the issues of (1) whether a medical need is arising from pregnancy or a related medical condition under the TPWFA, and (2) damages, if any.

Respectfully submitted,

/s/ *Caroline G. McCarter*

Chris W. McCarty, Esq. (BPR #025551)
CMcCarty@LewisThomason.com
Ryan T. Shannon, Esq. (BPR #039441)
RShannon@LewisThomason.com
Caroline G. McCarter (BPR #043402)
CMcCarter@lewisthomason.com

LEWIS THOMASON, P.C.
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37901
(865) 546-4646
*Attorneys for Defendant NIRVC-TN, LLC d/b/a National Indoor RV Center*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 2nd day of October 2026, a copy of the foregoing Brief was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Jonathan Street
Zachary Brown
The Employment & Consumer Law Group
1720 West End Avenue, Suite 402
Nashville, TN 37203
(615) 850-0632
jonathan@eclaw.com
zach@eclaw.com

/s/ *Caroline G. McCarter*